Allen, J.
delivered the opinion of the court.—It is unnecessary to consider the first question adjourned. The circuit court, having overruled the motion to quash, has decided that question, and if any error had been committed, it could only be corrected by writ of error.
The 2d and 3d questions render it necessary to consider whether the indictment is sufficient. The terms used in describing the offence are copied from our statute on duelling: but the indictment does not conclude against the form of the statute, and if sustained, it must be because the offence charged is a distinct generic offence for which an indictment will lie at common law, or because the charge is equivalent to a charge for a common assault and battery, or an affray.
It is held by all the elementary writers, that a breach of the peace committed by fighting a duel is an aggravated misdemeanour at common law. 4 Blacks. Comm. 145. In like manner it is held that at common law, a challenge to fight a duel, or the sending letters intended to provoke a duel, is a misdemeanour, as tending to bring about a violent breach of the peace. But the actual breach of the peace in the one case, and the attempt to provoke a breach of the peace in the other cases, constitute the gravamen of the charges, and the means used are the acts by which the offence is committed or aggravated. But we have been unable to find any precedent of an indictment for fighting a duel, treating and describing the act of fighting a duel as a distinct oilbnce to which punishment attaches. The parties might be indicted for an affray, for a common assault, or, if death ensued or a felony were committed, could be prosecuted for the murder or felony. The legal consequences resulting from an indictment or conviction for any of these charges, are known and ascertained. But if the act of fighting a duel is treated as a distinct offence, and the indictment may charge it in so many words, it might be difficult to determine what *606 is the precise character of the offence, what degree of proof would be necessary to make out the charge, and what would be the consequences of a judgment of acquittal or conviction. The terms fighting a duel would seem to imply something more than an assault; and if personal injury must have been inflicted to constitute the offence, then, though the parties may have actually met and fought, in the common acceptation of the terms to fight a duel, the offence would not be made out. To constitute an assault, there must be a blow, or the preparation to make one, or the presentation of a loaded weapon in striking or carrying distance. If evidence of this would be sufficient, then the offence would be consummated, although something took place to prevent the fight before it actually occurred.
It is equally difficult to determine what would be the consequences of a judgment on an indictment for such a charge. A conviction for an assault is a bar to a prosecution for a riot, an acquittal of manslaughter a bar to a prosecution for murder, of murder a bar to a prosecution for petit treason. 2 Va. Cas. 139. 2 Hale’s P. C. 246. Foster’s C. L. 329. “In cases of this kind,” (says the reporter, in a note to the case of Commonwealth v. Kinney, 2 Va. Cas. 140.) “ where two grades of offence are the result of the same act, the prosecutor should begin with the higher, and on failure, prosecute for the lower, or unite both offences in the same indictment, under separate counts.” Murder, felonious shooting or maiming, an affray, an assault with intent to kill, may result from a duel. For either offence the party might be indicted, and the indictment would apprize him for which of the specific results proceeding from the act of fighting the duel, he was prosecuted. And the consequences of a conviction or acquittal are ascertained by the law. But where the charge is for fighting a duel alone, it is uncertain whether he is proceeded against for a distinct offence independent of the results, or for *607 any, or if any, for which, of the effects of the duel. And it is equally uncertain what would he the effect of a conviction or acquittal, in barring any other prosecution for an offence of a different grade, resulting from the act of fighting a duel.
The charge to fight a duel is not therefore equipollent with the usual charge in an indictment for an affray or common assault. It does not ascertain with sufficient precision the act for which the party is prosecuted. It is uncertain what degree of evidence would be required to make it out, and the consequences of a judgment are not ascertained. None of these difficulties are encountered when the old and accustomed forms are adhered to; and there seems to be no necessity, for the more effectual prosecution of breaches of the peace committed by duelling, to sanction a departure from them in this instance.
A majority of the court is therefore of opinion, that the indictment is not good, whether it is considered as charging the act of fighting a duel as a distinct of-fence at common law, or as being equivalent to an indictment for an affray or a common assault. It is, therefore, in answer to the second and third questions, ordered to be certified that the demurrer to the indictment be sustained, and judgment entered for the defendant.